UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| WORLD HEALTH ALTERNATIVES, INC., *et al.*, | : | |
| | : | Case Number 06-10166 (PJW) |
| Debtors. | | Jointly Administered |
| | : | |

| | | |
|---|---|---|
| UNITED STATES TRUSTEE, | : | |
| Appellant | : | |
| v. | : | Civil Action Number 06-cv-535 (SLR) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*, | : | |
| | : | |
| Appellees. | | |

## **STIPULATION AND ORDER DISMISSING APPEAL**

By signing below, the parties to the above-captioned appeal stipulate to dismissal of the appeal. A copy of the Bankruptcy Court's September 25, 2006 order approving a related Settlement Agreement is attached as **Exhibit A**.

The parties further stipulate that copies of their signatures shall be equally valid and effective as original signatures.

| KELLY BEAUDIN STAPLETON<br>UNITED STATES TRUSTEE | WORLD HEALTH ALTERNATIVES,<br>INC., *et al.*, DEBTORS IN POSSESSION |
|---|---|
| BY: */s/ Joseph J. McMahon, Jr.*<br>Joseph J. McMahon, Jr., Esquire<br>United States Department of Justice<br>  Office of the United States Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, DE  19801<br>Phone (302) 573-6491<br>Fax (302) 573-6497<br><br>Date: October __6__, 2006 | BY: _____<br>Stephen M. Miller, Esquire<br>Carl N. Kunz, Esquire<br>Rafael X. Zahralddin, Esquire<br>MORRIS, JAMES, HITCHENS &<br>  WILLIAMS LLP<br>222 Delaware Avenue, 10th Floor<br>P.O. Box 2306<br>Wilmington, DE  19899-2306<br>Phone (302) 888-6800<br>Fax (302) 571-1750<br><br>-and-<br><br>Sarah Robinson Borders, Esquire<br>Felton E. Parrish, Esquire<br>Seema N. Patel, Esquire<br>KING & SPALDING LLP<br>191 Peachtree Street<br>Atlanta, GA  30303-1763<br>Phone (404) 572-4600<br>Fax (404) 572-5149<br><br>Attorneys for the Debtors and Debtors<br>in Possession<br><br>Date: October _____, 2006 |

| KELLY BEAUDIN STAPLETON<br>UNITED STATES TRUSTEE | WORLD HEALTH ALTERNATIVES,<br>INC., *et al.*, DEBTORS IN POSSESSION |
|---|---|
| BY:_____<br>    Joseph J. McMahon, Jr., Esquire<br>    United States Department of Justice<br>      Office of the United States Trustee<br>    J. Caleb Boggs Federal Building<br>    844 King Street, Suite 2207, Lockbox 35<br>    Wilmington, DE 19801<br>    Phone (302) 573-6491<br>    Fax (302) 573-6497<br><br>Date: October _____, 2006 | BY: */s/ Stephen M. Miller*<br>    Stephen M. Miller, Esquire<br>    Carl N. Kunz, Esquire<br>    Rafael X. Zahralddin, Esquire<br>    MORRIS, JAMES, HITCHENS &<br>      WILLIAMS LLP<br>    222 Delaware Avenue, 10th Floor<br>    P.O. Box 2306<br>    Wilmington, DE 19899-2306<br>    Phone (302) 888-6800<br>    Fax (302) 571-1750<br><br>-and-<br><br>    Sarah Robinson Borders, Esquire<br>    Felton E. Parrish, Esquire<br>    Seema N. Patel, Esquire<br>    KING & SPALDING LLP<br>    191 Peachtree Street<br>    Atlanta, GA 30303-1763<br>    Phone (404) 572-4600<br>    Fax (404) 572-5149<br><br>Attorneys for the Debtors and Debtors in Possession<br><br>Date: October _____, 2006 |

| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | CAPITALSOURCE FINANCE, LLC |
|---|---|
| BY: /s/ Pauline K. Morgan<br>Pauline K. Morgan, Esquire<br>M. Blake Cleary, Esquire<br>Erin Edwards, Esquire<br>YOUNG, CONAWAY, STARGATT<br>& TAYLOR LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Phone (302) 571-6600<br>Fax (302) 571-1253<br><br>Attorneys for the Official Committee of Unsecured Creditors<br><br>Date: October 6, 2006 | BY:_____<br>Jeffrey C. Wisler, Esquire<br>CONNOLLY BOVE LODGE &<br>  HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE 19801<br>Phone (302) 658-9141<br>Fax (302) 658-5614<br><br>-and-<br><br>Kenneth J. Ottaviano, Esquire<br>KATTEN MUCHIN ROSENMAN LLP<br>525 West Monroe Street, Suite 1900<br>Chicago, IL 60661<br>Phone (302) 902-5200<br>Fax (302) 902-1061<br><br>Attorneys for CapitalSource Finance, LLC<br><br>Date: October _____, 2006 |

SO ORDERED – APPEAL DISMISSED
BY THE COURT:

_____
The Honorable Sue L. Robinson
Chief United States District Judge

Date: October _____, 2006

3

| OFFICIAL COMMITTEE OF UNSECURED CREDITORS | CAPITALSOURCE FINANCE, LLC |
|---|---|
| BY:_____<br>Pauline K. Morgan, Esquire<br>M. Blake Cleary, Esquire<br>Erin Edwards, Esquire<br>YOUNG, CONAWAY, STARGATT<br>  & TAYLOR LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Phone (302) 571-6600<br>Fax (302) 571-1253<br><br>Attorneys for the Official Committee of Unsecured Creditors<br><br>Date: October _____, 2006 | BY: /s/ _____<br>Jeffrey C. Wisler, Esquire<br>CONNOLLY BOVE LODGE &<br>  HUTZ LLP<br>1007 North Orange Street<br>Wilmington, DE 19801<br>Phone (302) 658-9141<br>Fax (302) 658-5614<br><br>-and-<br><br>Kenneth J. Ottaviano, Esquire<br>KATTEN MUCHIN ROSENMAN LLP<br>525 West Monroe Street, Suite 1900<br>Chicago, IL 60661<br>Phone (302) 902-5200<br>Fax (302) 902-1061<br><br>Attorneys for CapitalSource Finance, LLC<br><br>Date: October _____, 2006 |

**SO ORDERED – APPEAL DISMISSED BY THE COURT:**

_____
The Honorable Sue L. Robinson
Chief United States District Judge

Date: October _____, 2006

3

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| World Health Alternatives, Inc., *et al.*,[1] | ) | Case No. 06-10166 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |
| | ) | Re: D.I. 622 |

**ORDER APPROVING MOTION OF THE DEBTORS, PURSUANT TO SECTION
105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, FOR
ENTRY OF AN ORDER APPROVING LETTER AGREEMENT AMONG
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
THE DEBTORS, CAPITALSOURCE FINANCE, LLC
<u>AND THE UNITED STATES TRUSTEE</u>**

Upon consideration of the Motion (the "Motion")[2] of the Debtors for entry of an order approving the Amended Letter Agreement among the Debtors, the Committee, CapitalSource, and the United States Trustee (D.I. 622); and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY FOUND that:

1. This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334;

2. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157;

---

[1] In addition to World Health Alternatives, Inc., the following entities are debtors in possession in these jointly administered bankruptcy cases: World Health Staffing, Inc. a California corporation, World Health Staffing, Inc., a Delaware corporation, f/k/a MedTech Medical Staffing of Orlando, Inc., Better Solutions, Inc., JC Nationwide, Inc. f/k/a MedTech Staffing of Boca Raton, Inc. d/b/a JC Nationwide, MedTech Medical Staffing of New England, Inc., and MedTech Franchising, Inc.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1461520

3. Venue of this proceeding in this District and before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

4. Due and proper notice of this Motion was given and no further notice is required; and

5. The relief requested in the Motion is in the best interests of the Debtors and their estates and creditors.

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED;

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Amended Letter Agreement, which is attached hereto as Exhibit A, is approved;

3. This court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: September 25, 2006
Wilmington, Delaware

_____
PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

1461520

# EXHIBIT A

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

DIRECT DIAL: 302-571-6714
DIRECT FAX: 302-576-3287
mbcleary@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 19, 2006

**BY EMAIL AND FACSIMILE TRANSMISSION**

Kenneth J. Ottaviano
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693

Stephen M. Miller
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 236
Wilmington, DE 19899-2306

Sarah Robinson Borders
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303

Joseph J. McMahon, Jr.
Office of the United States Trustee
844 North King Street, Room 2311
Wilmington, DE 19801

Re: World Health Alternatives, Inc. et al. Case No. 06-10166 (PJW)

Dear Ken, Sarah, Steve and Joe:

I write on behalf of the Official Committee of Unsecured Creditors to memorialize the agreement by and among CapitalSource Finance LLC, in its capacity as DIP Lender and Pre-Petition Lender (as such terms are defined in the Final Financing Order) (collectively, "CapitalSource"), World Health Alternatives, Inc., et al., on behalf of themselves and their respective estates (collectively, the "Debtors"), the Official Committee of Unsecured Creditors, solely on behalf of itself and not on behalf of its individual members (collectively, the "Committee") and the United States Trustee ("UST") (each a "Party", and collectively, the "Parties"). Upon execution by authorized representatives of CapitalSource, the Debtors, the Committee and the UST, this settlement agreement (the "Settlement Agreement") constitutes a binding agreement among the Parties with respect to the matters described herein.

**BACKGROUND**

On April 19, 2006, the Debtors, the Committee and CapitalSource entered into a letter agreement (the "Letter Agreement")[1] which provided, *inter alia*, for CapitalSource to pay to the Committee, for the exclusive benefit of the Debtors' general unsecured creditors, a collateral carveout from its lien in the amount of $1,625,000 to be (a) distributed to the holders of allowed general unsecured claims after payment of any unpaid professional fees and expenses of the Committee and/or (b) used to investigate and prosecute estate causes of action against parties other than CapitalSource. Paragraph 3 of the Letter Agreement extends, suspends and stays, solely for the Committee, certain rights of the Committee pursuant to paragraph 23 of the Final Financing Order entered in these cases.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Letter Agreement.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 19, 2006
Page 2

On April 21, 2006, the Debtors filed their Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, for Entry of an Order Approving the Letter Agreement [Docket No. 310] (the "Approval Motion"). On July 7, 2006, the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") issued its Order (the "Order") and Opinion granting the Approval Motion [Docket No. 495]. On July 14, 2006, the United States Trustee (the "UST") filed a Notice of Appeal from the Order [Docket No. 507] (the "Appeal").

The Debtors, the UST and the Internal Revenue Service have filed motions to convert these cases to chapter 7 cases. Upon conversion of the Debtors' chapter 11 cases to chapter 7, the Committee will cease to exist and, accordingly, will be unable to exercise its rights under paragraph 23 of the Final Financing Order unless it does so prior to conversion of the cases.

In addition, the Court has indicated a willingness to depart from its Opinion approving the Letter Agreement to avoid harm to the Debtors' estates in the event the Appeal is successful.

In light of the anticipated conversion of these cases, the Appeal, the Court's guidance, and in lieu of the Committee pursuing its rights against CapitalSource under paragraph 23 of the Final Financing Order, the Parties agree as follows:

**TERMS AND CONDITIONS**

1. This Settlement Agreement amends the Letter Agreement; provided, however, that the terms of this Settlement Agreement supersede any inconsistent terms of the Letter Agreement.

2. Within two (2) business days after the date that the Bankruptcy Court's order approving this Settlement Agreement becomes a final, non-appealable order, CapitalSource shall pay $1,625,000 (the "Settlement Payment") to the Debtors. The Settlement Payment shall be wired to counsel for the Debtors, King & Spalding LLP ("K&S"), to be held in escrow pending an order of the United States District Court for the District of Delaware dismissing the Appeal ("Appeal Dismissal Order"). Upon entry of the Appeal Dismissal Order, the Settlement Payment shall constitute property of the Debtors' estates under 11 U.S.C. § 541.

3. Immediately after the Bankruptcy Court's approval of the Settlement Agreement becomes final and non-appealable, the Parties shall promptly execute and file a stipulation dismissing the Appeal. A copy of the Bankruptcy Court's final, non-appealable order shall be appended as an exhibit to the stipulation dismissing the Appeal. The Parties agree that each Party shall not file a notice of appeal from the Appeal Dismissal Order.

4. Immediately upon receipt by K&S of the Settlement Payment: (i) CapitalSource shall have no further obligation to pay the Collateral Carve-Out pursuant to the terms of the Letter Agreement; (ii) the Committee's rights under paragraph 23 of the Final Financing Order shall automatically be deemed terminated; and (iii) all of the terms set forth in paragraph 5 of the Letter Agreement shall be effective.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 19, 2006
Page 3

5.  As soon as practicable after CapitalSource's payment of the Settlement Payment, the Debtors' chapter 11 cases shall be converted to cases under chapter 7 and a chapter 7 trustee(s) shall be appointed. Since the Committee shall cease to exist upon conversion, its standing to pursue certain claims and causes of action under paragraph 6 of the Letter Agreement shall likewise be extinguished upon conversion.

6.  This Settlement Agreement is contingent upon approval of the Bankruptcy Court, and upon dismissal of the Appeal.

7.  All provisions of this Settlement Agreement shall be binding upon all parties-in-interest hereto, including, without limitation, any trustee, successor trustee, committee, responsible officer, estate administrator or representative, or similar person appointed in a case for any Debtor under any chapter of the Bankruptcy Code or in any successor proceeding, whether under chapter 7 of the Bankruptcy Code or otherwise.

8.  Without limiting any Party's right to appeal any order of the Court, (a) the Court shall retain exclusive jurisdiction to enforce the terms of this Settlement Agreement and to decide any claims or disputes that may arise or result from, or be connected with, this Settlement Agreement, (b) any and all claims, actions, causes of action, suits and proceedings related to the foregoing shall be filed and maintained only in the Court, and (c) the Parties hereby consent to and submit to the jurisdiction and venue of the Court.

9.  This Settlement Agreement may be executed in one or more counterparts, all of which taken together shall constitute one and the same instrument.

10. This Settlement Agreement may be duly executed and delivered by a Party by execution and facsimile delivery of a counterpart signature page. If delivery is made by facsimile, the executing Party shall promptly deliver a complete original executed counterpart of this Settlement Agreement to the other Parties, but this Settlement Agreement shall be binding and enforceable against the Party that utilized facsimile delivery whether or not it subsequently delivers an executed original signature page.

11. By executing this Settlement Agreement, the Parties represent that each has the full authority to enter into this Settlement Agreement.

12. It is understood and agreed by the Parties that this Settlement Agreement is a compromise of disputed claims. Neither the negotiation or execution of this Settlement Agreement, nor the performance of any term hereof, shall constitute, be construed as, or be deemed to be, an admission of wrongdoing and/or liability by any Party, and the Parties expressly deny any and all wrongdoing and liability to one another or any other person or entity. No person may rely upon or assert this Settlement Agreement, negotiations leading to it or performance hereunder as an admission by any Party or as evidence in any proceeding whatsoever, except that the Parties may rely upon and assert this Settlement Agreement and performance hereunder in a proceeding to enforce the provisions hereof.

13. This Settlement Agreement shall automatically terminate, become void, and shall have no further force or effect (a) on September 27, 2006, unless approved by an order

Young Conaway Stargatt & Taylor, LLP
September 19, 2006
Page 4

of the Bankruptcy Court, not subject to stay; and (b) on the earlier of (i) October 10, 2006, if the order approving this Settlement Agreement does not become a final, non-appealable order by such date or (ii) any such date prior to October 10, 2006, that a notice of appeal of the order approving the Settlement Agreement is filed.

*[Signature Page Follows]*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 21, 2006
Page 5

PLEASE INDICATE YOUR ACCEPTANCE OF THE TERMS OF THE FOREGOING
AGREEMENT BY SIGNING IN THE SPACE INDICATED BELOW.

Sincerely,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _____
    M. Blake Cleary
    Counsel to the Official
    Committee of Unsecured Creditors

cc:    Pauline K. Morgan, Esq.
       Official Committee of Unsecured Creditors

**AGREED TO AND ACCEPTED BY:**

"**CapitalSource**":                          "**Debtors**":

CapitalSource Finance LLC         World Health Alternatives, Inc., *et al.*

By: _____        By: _____
Its: _____            Sarah Robinson Borders
                                                       Co-counsel to the Debtors

Dated: _____, 2006          Dated: _____, 2006

                                           "**UST**":

                                           Kelly Beaudin Stapleton
                                           United States Trustee

                                           By: _____
                                                Joseph J. McMahon, Jr.
                                                Trial Attorney

                                           Dated: _____, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 19, 2006
Page 5

PLEASE INDICATE YOUR ACCEPTANCE OF THE TERMS OF THE FOREGOING AGREEMENT BY SIGNING IN THE SPACE INDICATED BELOW.

Sincerely,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

By: _____
    M. Blake Cleary
    Counsel to the Official
    Committee of Unsecured Creditors

cc: Pauline K. Morgan, Esq.
    Official Committee of Unsecured Creditors

**AGREED TO AND ACCEPTED BY:**

"CapitalSource":

CapitalSource Finance LLC

By: _____
Its: _____

Dated: _____, 2006

"Debtors":

World Health Alternatives, Inc., *et al.*

By: _____
    Sarah Robinson Borders
    Co-counsel to the Debtors

Dated: _____, 2006

"UST":

Kelly Beaudin Stapleton
United States Trustee

By: _____
    Joseph J. McMahon, Jr.
    Trial Attorney

Dated: _____, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP
September 19, 2006
Page 5

PLEASE INDICATE YOUR ACCEPTANCE OF THE TERMS OF THE FOREGOING AGREEMENT BY SIGNING IN THE SPACE INDICATED BELOW.

Sincerely,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By: _____
    M. Blake Cleary
    Counsel to the Official
    Committee of Unsecured Creditors

cc: Pauline K. Morgan, Esq.
    Official Committee of Unsecured Creditors

**AGREED TO AND ACCEPTED BY:**

"CapitalSource":

CapitalSource Finance LLC

By: _____
Its: _____


Dated: _____, 2006

"Debtors":

World Health Alternatives, Inc., et al.

By: _____
    Sarah Robinson Borders
    Co-counsel to the Debtors

Dated: _____, 2006

"UST":

Kelly Beaudin Stapleton
United States Trustee

By: _Joseph J. McMahon_ (signature)
    Joseph J. McMahon, Jr.
    Trial Attorney

Dated: Sept. 21, 2006

DB02:5513758.13

065085.1001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
| WORLD HEALTH<br>  ALTERNATIVES, INC., *et al.*, | : | |
|  | : | Case Number 06-10166 (PJW) |
| Debtors. |  | Jointly Administered |
|  | : | |

|  |  |  |
|---|---|---|
| UNITED STATES TRUSTEE, | : | |
| Appellant | : | |
| v. | : | Civil Action Number 06-cv-535<br>(SLR) |
| OFFICIAL COMMITTEE OF<br>  UNSECURED CREDITORS, *et al.*, | : | |
|  | : | |
| Appellees. |  | |

## CERTIFICATE OF SERVICE

    I certify that, on October 11, 2006, I caused to be served copies of the Stipulation and proposed Order Dismissing Appeal via first class United States mail (postage prepaid) to the persons below.

Stephen M. Miller, Esquire
Carl N. Kunz, Esquire
Rafael X. Zahralddin, Esquire
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306

Sarah Robinson Borders, Esquire
Felton E. Parrish, Esquire
Seema N. Patel, Esquire
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA  30303-1763

Pauline K. Morgan, Esquire
M. Blake Cleary, Esquire
Erin Edwards, Esquire
YOUNG, CONAWAY, STARGATT
 & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Jeffrey C. Wisler, Esquire
CONNOLLY BOVE LODGE &
 HUTZ LLP
1007 North Orange Street
Wilmington, DE 19801

Kenneth J. Ottaviano, Esquire
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street, Suite 1900
Chicago, IL 60661

John Adam Kerns, Jr., Esquire
187 Brittney Lane
Hartley, DE 19953


       /s/ Joseph J. McMahon, Jr.
       Joseph J. McMahon, Jr., Esquire